UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

   -vs-                                                  Case No. 25-CR-127

FREDDIE ROBERTSON,

   Defendant.

## MOTION FOR REVIEW OF THE ORDER OF DETENTION

Pursuant to 18 U.S.C. Secs. 3142 and 3145(b), the defendant Freddie Robertson, by his attorney Thomas J. Erickson, hereby moves the court for pre-trial release. The Defendant has the current stability which renders a combination of conditions that will reasonably assure his appearance as well as the safety of the community.

### Background

On July 1, 2025, the Defendant was indicted in a fourteen-person drug conspiracy. (Doc. 79). The Defendant is charged with conspiring to possess with intent to distribute one kilogram or more of controlled substances (Count One); possession with intent to distribute cocaine base and cocaine (Count Seven); possessing a firearm in furtherance of a drug trafficking offense (Count Eight); and possession of a firearm by a felon (Count Nine). It is further alleged in the Indictment that the Defendant has a prior conviction of a serious drug felony in Counts One and Seven. An Information Pursuant to 21 U.S.C 851 was filed to that effect on July 3, 2025. (Doc. 85).

On June 20, 2025, a detention hearing was held. (Doc. 75). The Pretrial Services Report recommended that the defendant be released on a Personal Recognizance bond with conditions. (Doc. 23).  The court detained the Defendant determining that there were no conditions of release that would reasonably assure the defendant's appearance and the safety of any other person or the community. The court did not find that the Defendant was a risk of non-appearance.

**1. The Defendant is not a Danger to the Safety of any Person or the Community.**

The Defendant, a lifelong resident of Milwaukee, has substantial and stable ties to the community which support the safety of the community while on pre-trial release.  The Defendant, who is 55 years old, has owned his own home on the northwest side of Milwaukee since 2022.  His daughter and his five grandchildren live close by and he sees them on a weekly basis as well as numerous other family members.

Further predictive evidence of his good conduct on pre-trial release is the fact that he has worked the same job for close to six years as an assembly painter at Vulcan Global Manufacturing Co. on Pierce Street in Milwaukee.  The Defendant makes a good living wage of $26.50/hour while working full-time on first shift.  He will be able to get his job back if he is released soon because of his track record and ability as a skilled laborer.

Any further prolonged incarceration will cause the Defendant's house loan to go into foreclosure.  Also, the Defendant is behind on his car payments as well.  He is motivated to work hard, maintain his home and car, and stay out of trouble if he is released.

In conclusion, there is insufficient evidence that supports the conclusion that the Defendant, homeowner with a well-paying full-time job, is a threat to the community (or a risk of non-appearance) such that he should be detained any further.  If there remain any concerns

about danger to the community, they can be allayed by an order that the Defendant, who does not have a violent record, be subject to electronic monitoring with appropriate conditions.

2. **The Continued Detention of the Defendant, Who Asserts His Innocence, is Inequitable when Compared to the Other Defendants Who Have Been Released.**

There is no motion deadline or trial date currently scheduled. In fact, the Defendant, who has been in custody **since June** 20th,[1] has not even received any discovery. Litigation continues regarding the protective order with no end in sight while the Defendant languishes in the Waukesha County Jail. Given the snail's pace of this case, the reality of this fourteen-person drug conspiracy is the earliest the Defendant would get a trial date is well over a year from now.

Also, and significantly, it appears that the Defendant is the only defendant detained in this case.[2] From a review of the allegations in the complaint (Doc. 2), it is crystal clear that the Defendant is not a leader or supervisor or source of supply of drugs in the conspiracy. At most, he's small potatoes, yet he's the one in jail without one page of discovery after fifty days.

While the defense understands that the court normally does not consider the time for the case to proceed to trial as a factor Congress has directed it to consider under Sec. 3142(g) the reality is that the Defendant will be incarcerated for a year or two by the time the trial starts in this case if he is not released. In the American criminal justice system, defendants are presumed innocent until proven guilty. In such a system, "valid pretrial detention assumes a punitive character when it is prolonged significantly." *United States v. Theron,* 782 F.2d 1510, 1516 (10th Cir.1986). The prospect of this prolonged detention of the Defendant will be punitive.

---

[1] Defense counsel has informed the government several times that he would abide by the parameters of the government's proposed protective order while the issue is being resolved so that he could discuss the discovery with his incarcerated and frustrated client. The government has not responded.

[2] It appears that co-defendant Kamanda is also detained but it appears that his custodial status not due to detention in this case.

A combination of conditions of release exists that will reasonably assure his appearance and the safety of the community. Thus, the defendant proposes release pending trial on location monitoring if appropriate and with any other conditions the Court deems appropriate.

Dated this 12th day of August, 2025.

Respectfully submitted,

*/s/ Thomas J. Erickson*

_____

Thomas J. Erickson
Attorney for Defendant

Address and Phone:
316 N. Milwaukee St., Ste. 550
Milwaukee, WI 53202
(414) 271-0678
f. (414) 751-5183